# 98 DTA 177

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL I DE SAN JUAN

INDUCHEM SERVICES, INC.
Peticionario-Recurrido

v.

AUTORIDAD DE ENERGIA ELECTRICA DE PUERTO RICO,
HON. MIGUEL CORDERO, DIRECTOR EJECUTIVO
Agencia Recurrida

EL DORADO TECHNICAL
Recurrente

Núm. KLRA-98-00052

San Juan, Puerto Rico, a 23 de abril de 1998

Panel integrado por su Presidenta, Juez señora Rivera de Martínez
y los Jueces señor Soler Aquino y señor Rivera Pérez

Rivera Pérez, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

Mediante el presente recurso se solicita de esta Curia la revocación de una resolución emitida por la Autoridad de Energía Eléctrica de Puerto Rico, en adelante la Autoridad, el 16 de enero de 1998, notificada y archivada en autos copia de la misma el 21 de enero de 1998. En dicha resolución, la Autoridad declaró con lugar una solicitud de reconsideración sobre la adjudicación de la subasta núm. WPO-27982, retirando la previa adjudicación que hiciera de la misma a la parte aquí recurrente, El Dorado Technical, y otorgándola, a su vez, a la parte aquí recurrida, Induchem Services, Inc. No estando conforme con dicha determinación, la parte recurrente, El Dorado Technical, acude ante nos. Se deniega la expedición del auto solicitado, por falta de jurisdicción.

**I**

La Autoridad celebró la subasta identificada con el número WPO-27982, mediante la cual se intentaba contratar los servicios de recolección de agua de condensado en la Central Ciclo Combinado. A la referida subasta compareció: (a) la parte aquí recurrida, Induchem Services, Inc,; y (b) la parte aquí recurrente, El Dorado Technical. Mediante carta fechada 17 de diciembre de 1997, la Autoridad notificó a los licitadores que el postor más bajo evaluado, que cumplía con las especificaciones, términos y condiciones de la subasta, lo había sido El Dorado Technical, por lo que se le adjudicaba a éste la buena pro de la misma. ■

Mediante carta fechada 30 de diciembre de 1997, la Autoridad notificó a la aquí recurrente, que para la subasta en controversia había sido presentada una moción de reconsideración, la cual estaba siendo evaluada por la Secretaría de Procedimientos Adjudicativos de la Autoridad. ■ Así las cosas, en enero de 1998, notificada y archivada en autos copia de la misma el 21 de enero de 1998, la Autoridad emitió resolución declarando con lugar la referida solicitud de reconsideración y adjudicando la subasta impugnada a la parte aquí recurrida, Induchem Services, Inc. ■ La resolución recurrida señala, que dado a que el aquí recurrente, El Dorado Technical, incumplió con las disposiciones contenidas en el inciso F de las Secciones 3.4 y 3.1, Part. Three - Execution, Especificaciones Núm. 210-13197 de la subasta en controversia, al dejar de presentar la documentación e información allí requerida, era improcedente que se le adjudicara la buena pro de la misma a éstos.

Luego de que El Dorado Technical presentara el presente recurso de revisión, la Autoridad compareció ante este Tribunal, mediante escrito titulado *"Moción Solicitando se Devuelva a la Agencia para Consideración de los Planteamientos del Peticionario-Recurrente"*. Según surge de dicha comparecencia, luego de que la resolución recurrida fuera notificada a las partes el 21 de enero de 1997, El Dorado Technical compareció ante la referida agencia el 26 de enero de 1997, señalando que los pliegos originales de la subasta fueron enmendados, y que como consecuencia de dichas enmiendas no le correspondía a la aquí recurrente presentar la documentación e información que se señala en la resolución recurrida, sino a otra parte que en el futuro contrataría con los aquí recurrentes, mediante la celebración de otra subasta. Indica además la agencia recurrida, que luego de conocer la posición de El Dorado Technical, el 29 de enero de 1998, notificada a las partes el 30 de enero de 1998, la Autoridad emitió orden para que la parte aquí recurrida, Induchem Services, Inc., mostrara causa ante ésta por la cual no debía dejarse sin efecto su resolución de 16 de enero de 1998. Señaló ante nos la agencia recurrida, que habiendo El Dorado Technical presentado el recurso de revisión de epígrafe el 2 de febrero de 1998, ésta quedó sin jurisdicción para reconsiderar la resolución recurrida, motivo por el cual solicita a este Tribunal permita a la agencia considerar los planteamientos de El Dorado Technical en sus méritos, devolviendo el presente caso al foro administrativo.

La parte recurrida, Induchem Services, Inc., ha presentado su posición ante este Tribunal, mediante comparecencia de 3 de marzo de 1998. En la misma se hacen dos planteamientos básicos: (a) que el recurso de revisión presentado por El Dorado Technical no cumple con los requisitos de nuestro reglamento, por no incluir la discusión que acredita la jurisdicción y competencia que posee este

Tribunal para entender en el recurso, así como los pliegos de la subasta en controversia; y (b) que el error señalado en el recurso de revisión no fue cometido. Cabe señalar, que en su comparecencia la parte recurrida, Induchem Services, Inc., no hace referencia alguna en cuanto a la posición de la Autoridad, a los efectos de que el caso sea devuelto a la misma para atender los planteamientos que presenta la parte aquí recurrente, El Dorado Technical.

El 2 de abril de 1998, la parte recurrida, Induchem, Services, Inc., presentó ante esta Curia una moción informando que el 24 de marzo de 1998 la Agencia recurrida había tomado una determinación en cuanto a la solicitud de reconsideración presentada por El Dorado Technical, declarándola con lugar. Solicitó en su comparecencia la aquí recurrida, Induchem Services, Inc., emitiéramos orden dejando sin efecto la adjudicación de la subasta en controversia realizada por la Autoridad a El Dorado Technical, mediante resolución de 24 de marzo de 1998.

## II

La sección 4.2 de la Ley de Procedimiento Administrativo Uniforme, en adelante L.P.A.U., ██ dispone en parte que:

*"En los casos de impugnación de subasta, la parte adversamente afectada por una orden o resolución final de la agencia, o de la entidad apelativa de subastas, según sea el caso, podrá presentar una solicitud de revisión ante el Tribunal de Circuito de Apelaciones dentro de un término de diez (10) días contados a partir del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o entidad apelativa, o dentro de los diez (10) días de haber transcurrido el plazo dispuesto por la sec. 2169 de este título"*

La sección 3.19 de la L.P.A.U., ██ establece que:

*"Los procedimientos de adjudicación de subastas serán procedimientos informales; su reglamentación y términos serán establecidos por las agencias. La parte adversamente afectada por una decisión podrá, dentro del término de diez (10) días a partir de la adjudicación de la subasta, presentar una moción de reconsideración ante la agencia o la entidad apelativa de subastas, de existir una en la agencia, según sea el caso. La agencia o la entidad apelativa deberá considerarla dentro de los diez (10) días de haberse presentado. Si se tomare alguna determinación en su consideración, el término para solicitar la revisión judicial empezará a contarse desde la fecha en que se archiva en autos una copia de la notificación de la decisión de la agencia o la entidad apelativa resolviendo la moción. Si la agencia o la entidad apelativa dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los diez (10) días de haberse presentado, se entenderá que ésta ha sido rechazada de plano, y a partir de esa fecha comenzará a correr el término para la revisión judicial."*

La resolución de la Autoridad que resolvió la moción de reconsideración presentada por la aquí recurrida, Induchem Services, Inc., fue emitida el 16 de enero de 1998 y archivada en autos copia de su notificación el 21 de enero de 1998, fecha a partir de la cual comenzó a correr el término de diez (10) días, bien para presentar una solicitud de reconsideración de la misma ante la agencia o para radicar un recurso de revisión ante este Tribunal.

La parte recurrente presentó moción de reconsideración ante la agencia dentro de los diez (10) días que provee la sección 3.19 de la L.P.A.U., *supra*, para ello. La agencia recurrida, a su vez, acogió la misma dentro de los diez (10) días de radicada, cuando otorgó un término a Induchem Services, Inc. para que mostrara causa por la cual no debía revocarse la resolución de 16 de enero de 1998.

Habiendo sido acogida la moción de reconsideración dentro del período dispuesto para ello, el término para acudir en revisión ante este Tribunal fue interrumpido y el mismo no podía comenzar a decursar hasta que se archivara en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.

Concluimos, por tanto, que la agencia recurrida conservó jurisdicción para entender sobre el asunto, por lo que tenía autoridad legal para evaluar la moción de reconsideración presentada ante ésta y resolverla, como lo hizo, mediante su resolución de 24 de marzo de 1998. Al momento de la

presentación del recurso de epígrafe el mismo era prematuro.

### III

Por los fundamentos antes expuestos, se deniega la expedición del auto solicitado por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIOS 98 DTA 177**

**1.** Apéndice III, pág. 7, del recurso de revisión.

**2.** Apéndice IV, pág. 8, *Ibid.*

**3.** Apéndice I, págs. 1-6, *Ibid.*

**4.** Ley Núm. 170 de 12 de agosto de 1988; 3 L.P.R.A. § 2172.

**5.** 3 L.P.R A. § 2169.